# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **DEMILLE BROWN,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **CIVIL CONSTRUCTORS, LLC** | ] **JURY DEMAND** |
| **Defendant.** | ] |

## COMPLAINT

Comes now the Plaintiff, DeMille Brown, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Williamson County, Franklin, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on October 26, 2021, and received by Plaintiff on November 2, 2021, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. DeMille Brown ("Mr. Brown" or "Plaintiff"), is an adult male individual and citizen of the United States who resides in Maury County, Columbia, Tennessee.

6. At all relevant times, Plaintiff was an employee of Defendant Civil Constructors LLC ("Defendant" or "Civil Constructors") within the meaning of Title VII.

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 425 Downs Blvd, Franklin, Tennessee.

## FACTUAL ALLEGATIONS

8. Mr. Brown is an African American and employed by Defendant as a driver.

9. Defendant has employed Mr. Brown for the past 19 years.

10. Mr. Brown has been an exceptional employee for the entirety of his employment.

11. Mr. Brown has not received any significant discipline throughout his nearly 20 years of employment with Defendant.

12. Defendant regularly internally promotes employees.

13. When an employee is internally promoted, Defendant has a practice of providing on the job training.

14. Mr. Brown first inquired about internal advancement opportunities and pay increases in June 2002.

15. Mr. Brown has inquired about internal advancement opportunities consistently over the last 19 years and been offered an opportunity to interview only once.

16. Most recently, in January 2021 Mr. Brown asked about interviewing for a position as a foreman.

17. The foreman position primarily involves managing mechanics.

18. Traditionally, Defendant has trained individuals into the foreman position.

19. Individuals hired into the foreman position are not required to have prior mechanic experience.

20. Defendant denied Mr. Brown the opportunity to interview for the position of foreman in February 2021, citing that he was not qualified as he is not a mechanic.

21. Mr. Brown met every qualification for the foreman position.

22. White employees with less experience than Mr. Brown have consistently been offered opportunities to interview for promotions.

23. Defendant has consistently promoted white employees without mechanic experience while denying Black employees the same opportunity.

24. In March 2021 Mr. Brown reported Defendant's discriminatory practices to Human Resources.

25. Defendant has failed to conduct a meaningful investigation.

### **COUNT I – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2(a)(1)**
### **FAILURE TO PROMOTE**

26. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

27. Plaintiff is an African American and a member of a protected class under Title VII of the Civil Rights Act.

28. Plaintiff was qualified for the position he applied for.

29. Plaintiff was considered for and denied for a promotion because of his race in violation of Title VII of the Civil Rights Act.

30. Defendant instead promoted less qualified employees who were not members of Plaintiffs protected class at the time Plaintiff's promotion was denied.

31. Defendant is vicariously liable for the actions of its management and supervisors.

32. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

33. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

### COUNT II – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2
### HOSTILE WORK ENVIRONMENT

34. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

35. Plaintiff is an African American and a member of a protected class.

36. Plaintiff was subjected to unwelcome harassment.

37. The harassment was based upon his race.

38. The racial harassment was sufficiently severe and pervasive to alter the terms and conditions of his employment and to create a hostile work environment.

39. As a direct and proximate result of the acts and/or omissions of Defendant set forth above, plaintiff has suffered, is not suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ Lauren Irwin**
**JONATHAN A. STREET, BPR No. 021712**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*